JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-00809-MCS-MAR<br>2:22-cv-00810-MCS-MAR<br>2:22-cv-00813-MCS-MAR<br>2:22-cv-00815-MCS-MAR<br>2:22-cv-00817-MCS-MAR<br>2:22-cv-01345-MCS-MAR | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Yellow Rose Productions, Inc. v. Pandora Media, LLC*<br>*Main Sequence, LTD v. Pandora Media, LLC*<br>*Ron White, Inc. v. Pandora Media, LLC*<br>*Robin Williams Trust v. Pandora Media, LLC*<br>*Brave Lion, Inc. v. Pandora Media, LLC*<br>*Nick Di Paolo v. Pandora Media, LLC* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):
None Present                              None Present

**Proceedings:**   (IN CHAMBERS) ORDER CONSOLIDATING CASES

The Court ordered the parties to show cause why it should not join the following cases:
- *Yellow Rose Productions, Inc. v. Pandora Media, LLC*, No. 2:22-cv-00809-MCS-MAR
- *Main Sequence, LTD v. Pandora Media, LLC*, No. 2:22-cv-00810-MCS-MAR
- *Ron White, Inc. v. Pandora Media, LLC*, No. 2:22-cv-00813-MCS-MAR
- *Robin Williams Trust v. Pandora Media, LLC*, No. 2:22-cv-00815-MCS-MAR
- *Brave Lion, Inc. v. Pandora Media, LLC*, No. 2:22-cv-00817-MCS-MAR

The plaintiffs to these actions responded that joinder under Rule 20(a)(1) was inappropriate and instead requested consolidation for all pretrial matters. *See, e.g.*, Resp. to OSC, ECF No. 13, *Yellow Rose Prods.*, No. 2:22-cv-00809-MCS-MAR. The Court discharges the OSC and consolidates the cases for all pretrial matters.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (internal quotation marks omitted).

The interest in judicial convenience is manifest. The complaints in these cases all bring claims under the same legal theories and are almost verbatim copies of one another, save for the paragraphs describing the individual comedian plaintiffs. At this early stage of litigation, there is little potential for delay, confusion, or prejudice from consolidation. If Defendant Pandora Media, LLC moves to dismiss the complaints, it would be much more efficient for the Court and the parties to adjudicate one motion to dismiss instead of several. The similarities between the cases means the risk of confusion is very low. Finally, the Court cannot identify any risk of prejudice to the parties from consolidation. Consolidated briefing, scheduling, and discovery would help the parties and the Court take advantage of the efficiencies generated from addressing issues once rather than several times. The Court thus concludes consolidation is appropriate. Should matters develop such that consolidation is no longer appropriate, the parties can move for relief.

For the same reasons as above, on its own motion the Court also consolidates these cases with the following case:
- *Nick Di Paolo v. Pandora Media, LLC*, No. 2:22-cv-01345-MCS-MAR.

///

The Court orders the following:

(1) Pursuant to Fed. R. Civ. P. 42(a), *Yellow Rose Productions, Inc. v. Pandora Media, LLC*, No. 2:22-cv-00809-MCS-MAR, *Main Sequence, LTD v. Pandora Media, LLC*, No. 2:22-cv-00810-MCS-MAR, *Ron White, Inc. v. Pandora Media, LLC*, No. 2:22-cv-00813-MCS-MAR, *Robin Williams Trust v. Pandora Media, LLC*, No. 2:22-cv-00815-MCS-MAR, *Brave Lion, Inc. v. Pandora Media, LLC*, No. 2:22-cv-00817-MCS-MAR, and *Nick Di Paolo v. Pandora Media, LLC*, No. 2:22-cv-01345-MCS-MAR, are consolidated for pretrial purposes and should be captioned as:

| In re PANDORA MEDIA, LLC COPYRIGHT LITIGATION | Master File No. 2:22-cv-00809-MCS-MAR |
|---|---|
| | <u>CONSOLIDATED ACTION</u> |
| This Document Relates To: ALL ACTIONS | |

(2) The file in Case No. 2:22-cv-00809-MCS-MAR shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the other actions. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies and the last name of the first-listed plaintiff in said action.
///

(3)     Within seven days of this order, Plaintiffs shall file a consolidated complaint in the master file. Defendant's response to the consolidated complaint shall be due under the timelines dictated by the Federal Rules of Civil Procedure and Local Rules.

**IT IS SO ORDERED.**